1  JACOB M. HEATH (SBN 238959)
   jheath@orrick.com
2  ORRICK, HERRINGTON & SUTCLIFFE LLP
   1000 March Road
3  Menlo Park, CA 94025
   Telephone: (650) 614-7470
4  Facsimile: (650) 614-7401

5  MELISSA I. LEVIN (SBN 328146)
   melissalevin@orrick.com
6  ORRICK, HERRINGTON & SUTCLIFFE LLP
   405 Howard Street
7  San Francisco, CA 94105
   Telephone: (415) 7735799
8
   Attorney for Defendants
9  META PLATFORMS, INC. and
   WHATSAPP LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIAMOND GOOD, | Case No. 22-cv-05622-CRJ |
| Plaintiff, | **DEFENDANTS META PLATFORMS, INC. AND WHATSAPP LLC'S NOTICE OF MOTION AND MOTION TO DISMISS THE FIRST AMENDED COMPLAINT FILED BY PLAINTIFF DIAMOND GOOD** |
| v. | |
| GOOGLE LLC, METAPLATFORMS, INC., AIR BNB, INC., WHATSAPP LLC, HIP CAMP LLC, AIR FRANCE – KLM GROUP, | Hearing Date: January 5, 2023<br>Time: 10:00 am<br>Judge: Hon. Judge Corley |
| Defendants. | |

META AND WHATSAPP'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT
CASE NO. 22-CV-05622-CRJ

4163-4911-8270

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on January 5, 2023 at 10:00 am, or as soon thereafter as this matter may be heard by the Honorable Judge Jacqueline S. Corley in United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102, Defendants Meta Platforms, Inc. ("Meta") and WhatsApp LLC ("WhatsApp") will and hereby do move to dismiss Plaintiff Diamond Good's ("Plaintiff") First Amended Complaint.

This Motion is based on the grounds that Plaintiff has not stated a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), her claims are barred by Section 230 of the Communications Decency Act, and further amendment is futile.

**STATEMENT OF THE RELIEF SOUGHT**

In accordance with Northern District Local Rule 7-2(b)(3), Meta and WhatsApp ask the Court to dismiss the operative First Amended Complaint with prejudice.

Dated: October 31, 2022                                ORRICK, HERRINGTON & SUTCLIFFE LLP

By: _*/s/ Jacob M. Heath*_
JACOB M. HEATH
Attorney for Defendant
Meta Platforms, Inc. and WhatsApp LLC
1

META AND WHATSAPP'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT
CASE NO. 22-CV-05622-CRJ

4163-4911-8270

**TABLE OF CONTENTS**

**Page**

I.   INTRODUCTION ................................................................................................................. 1
II.  BACKGROUND .................................................................................................................. 2
III. LEGAL STANDARD ........................................................................................................... 4
IV.  ARGUMENT ....................................................................................................................... 4
     A. Plaintiff Has Not Stated *Any* Claim. ........................................................................ 4
     B. The Complaint Fails to State a Claim for Negligence. ............................................... 5
         1. Plaintiff fails to allege that Meta Defendants owed her any duty. ..................... 5
         2. Plaintiff fails to allege cognizable damages in negligence. ............................... 6
     C. Section 230 of the Communications Decency Act Independently Bars Liability. ........ 7
         1. Meta is an interactive computer service provider. ............................................. 8
         2. The content at issue was provided by another information content provider. ... 8
         3. Each of Plaintiff's claims seeks to treat Meta as a "publisher" or "speaker" of the third-party content. ..................................................................................... 9
     D. Plaintiff Should Not Be Granted Leave To Amend ...................................................... 10
V.   CONCLUSION .................................................................................................................... 11

- i -

META AND WHATSAPP'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT
CASE NO. 22-CV-05622-CRJ

4163-4911-8270

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*A.B. v. Facebook, Inc.*,
  2021 WL 2791618 (C.D. Cal. June 1, 2021) .................................................................................. 9

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ..................................................................................................................... 4

*Barnes v. Yahoo!, Inc.*,
  570 F.3d 1096 (9th Cir. 2009) .................................................................................................. 7, 9

*Butler-Rupp v. Lourdeaux*,
  134 Cal. App. 4th 1220 (2005) .................................................................................................... 6

*Cafasso, United States ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047 (9th
  Cir. 2011) ..................................................................................................................................... 4

*Calise v. Meta Platforms, Inc.*,
  2022 WL 1240860 (N.D. Cal. April 27, 2022) ....................................................................... 8, 10

*Caraccioli v. Facebook, Inc.*,
  167 F. Supp. 3d 1056 (N.D. Cal. 2016), *aff'd*, 700 F. App'x 588 (9th Cir. 2017) ............ 6, 8, 9

*Chen v. PayPal, Inc.*,
  61 Cal. App. 5th 559 (2021) ...................................................................................................... 10

*Cross v. Facebook, Inc.*,
  14 Cal. App. 5th 190 (2017) ........................................................................................................ 9

*Ebeid v. Facebook, Inc.*,
  No. 18-CV-07030, 2019 WL 2059662 (N.D. Cal. May 9, 2019) ................................... 8, 9, 10

*Erlich v. Menezes*,
  21 Cal. 4th 543 (1999) ................................................................................................................. 6

*Fair Hous. Council of San Fernando Valley v. Roommates.com, LLC*,
  521 F.3d 1157 (9th Cir. 2008) ..................................................................................................... 9

*Fed. Agency of News LLC v. Facebook, Inc.*,
  432 F. Supp. 3d 1107 (N.D. Cal. 2020) ................................................................................ 8, 10

*Igbonwa v. Facebook, Inc.*,
  2018 WL 4907632 (N.D. Cal. Oct. 9, 2018) ............................................................................... 9

- ii -

META AND WHATSAPP'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT
CASE NO. 22-CV-05622-CRJ

4163-4911-8270

*Kasramehr v. Wells Fargo Bank N.A.*,
   No. CV 11–0551 GAF, 2011 WL 12473383 (C.D. Cal. May 18, 2011) .................................. 7

*King v. Facebook, Inc.*,
   572 F. Supp. 3d 776 (N.D. Cal. 2021) ............................................................................... 5, 11

*King v. Facebook, Inc.*,
   No. 19-CV-1987, 2019 WL 4221768 (N.D. Cal. Sept. 5, 2019) ............................................ 7

*Lee v. City of Los Angeles*,
   250 F.3d 668 (9th Cir. 2001) .................................................................................................. 4

*Maynard v. United Servs. Auto. Assoc. Fed. Savings Bank*,
   2022 WL 1283153 (N.D. Cal. Feb. 11, 2022) ....................................................................... 7

*McGarry v. Sax*,
   158 Cal. App. 4th 983 (2008) ................................................................................................. 5

*Mendiondo v. Centinela Hosp. Med. Ctr.*,
   521 F.3d 1097 (9th Cir. 2008) ................................................................................................ 4

*Murphy v. Twitter, Inc.*,
   60 Cal. App. 5th 12 (2021) .............................................................................................. 10, 11

*Perfect 10, Inc. v. CCBill LLC*,
   481 F.3d 751, 767 (9th Cir. 2007), *opinion amended and superseded on denial
   of reh'g*, 488 F.3d 1102 (9th Cir. 2007) ................................................................................. 7

*Potter v. Firestone Tire & Rubber Co.*,
   6 Cal. 4th 965 (1993) ............................................................................................................. 5

*Save Lafayette Trees v. E. Bay Reg'l Park Dist.*,
   66 Cal. App. 5th 21 (2021) .................................................................................................. 10

*Sheen v. Wells Fargo Bank, N.A.*,
   12 Cal. 5th 905 (2022) ........................................................................................................... 6

*Sikhs for Justice, Inc. v. Facebook, Inc.*,
   144 F. Supp. 3d 1088 (N.D. Cal. 2015), *aff'd,* 697 Fed. Appx. 526 (9th Cir.
   2017) ............................................................................................................................ 8, 9, 10

*Smith v. Gomez*,
   988 F.2d 121 (9th Cir. 1993) .................................................................................................. 4

*Thomas v. California Department of Corrections and Rehabilitation*,
   2022 WL 3348409 (S.D. Cal.) ............................................................................................... 4

- iii -

META AND WHATSAPP'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT
CASE NO. 22-CV-05622-CRJ

4163-4911-8270

*Young v. Facebook, Inc.*,
 790 F. Supp. 2d 1110 (N.D. Cal. 2011) .................................................................................. 5

*Zimmerman v. Facebook, Inc.*,
 2020 WL 58778363 (N.D. Cal. Oct. 2, 2020) ....................................................................... 10

**Statutes**

CDA § 230 ................................................................................................................................*passim*

CDA § 230(c)(1) .......................................................................................................................*passim*

**Other Authorities**

Rule 12(b)(6) ................................................................................................................................... 4

- iv -
META AND WHATSAPP'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT
CASE NO. 22-CV-05622-CRJ

4163-4911-8270

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Diamond Good has sued Meta Platforms, Inc. and WhatsApp LLC (collectively, the "Meta Defendants"), along with several other unrelated defendants, asserting a litany of incoherent and fanciful allegations, most of which have nothing to do with each other. Plaintiff contends that the Meta Defendants have colluded with other defendants to "ruin" her purported business plans. Plaintiff also accuses Meta Defendants and the other defendants of committing an array of "nefarious" acts, including conspiring with unidentified individuals she calls a "hategroup," as well as listening to her phone calls and reading her messages. Plaintiff even compares herself to Donald Trump because "tech companies kept taking down Trump's posts and shutting down Trump's accounts."

What Plaintiff's FAC fails to do is provide any specific coherent cause of action against any distinct defendant. Interpreting Plaintiff's statements generously, she purports to plead a single claim for "general negligence" against all defendants. And, as to the Meta Defendants, Plaintiff appears to premise her allegations on two unrelated theories—(1) Meta suspended Plaintiff's access to her Facebook accounts on multiple occasions, and (2) Meta Defendants read Plaintiff's messages, listened to her phone calls, and sent this information to "hate groups." Plaintiff's FAC fails.

*First*, Plaintiff has failed to state a claim for negligence—the only claim she asserts. Plaintiff fails to establish (or even allege) a single element of negligence, such as that Meta Defendants owed her a duty. Nor has she alleged any cognizable damages in negligence under California law.

*Second*, to the extent Plaintiff's purported claims are based on Meta's decision to remove Plaintiff from Facebook, Section 230 of the Communications Decency Act ("CDA"), 47 U.S.C. § 230(c), stands as an independent bar to relief. Courts have repeatedly applied Section 230 to dismiss claims premised on Meta's decision to remove users or content.

- 1 -

META AND WHATSAPP'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
CASE NO. 22-CV-05622-CRJ

4163-4911-8270

Accordingly, this Court should dismiss Plaintiff's FAC with prejudice.

## II. BACKGROUND

Defendant Meta and its Facebook service ("Facebook") help give people the power to build community and bring the world closer together.  Meta owns WhatsApp LLC ("WhatsApp"), which is a free instant messaging and voice service that offers simple, reliable messaging and calling to users around the world.

On August 12, 2022, Plaintiff sued Meta Defendants, along with several other defendants, claiming what she described as a cause of action for "consumer protection negligence."  In the short, handwritten attachment to Plaintiff's original complaint, Plaintiff made various threadbare allegations against the Meta Defendants, specifically that she has been kicked off Facebook on multiple occasions, and that WhatsApp listens to her calls for the "nefarious" purpose of helping an unidentified hate group destroy her RV park business.  On September 28, 2022, Plaintiff filed the First Amended Complaint ("FAC").  *See* ECF No. 1-1.  The FAC is premised on similar allegations against Meta Defendants, but now contains multiple pages of fanciful claims, none of which comes close to supporting her one alleged cause of action—negligence.  *See generally* FAC.

Plaintiff purports to be a user of both Facebook and WhatsApp.  FAC. at 1-2.[1]  The FAC's allegations against Meta Defendants, while disjointed, can still be broken down into two primary categories: (1) Plaintiff alleges she was suspended from her Facebook accounts on multiple occasions, and (2) Plaintiff claims Meta Defendants read her messages, listened to her phone calls, and shared her information with a "hate group."  *See* FAC. 2-3.

Plaintiff claims to have signed up for a Facebook account in May 2022.  FAC at 1.  Using her Facebook account, she purports to have joined a "RV Park Groups and made some advertisement posts," attempting to rent her RV space.  *Id.*  Plaintiff complains that "not too long

---

[1] Plaintiff's pleading does not include paragraphs or line numbers beyond the first page.  With that, Meta Defendants' citations are to the page number of the attachment to Plaintiff's FAC, which does include page numbers.

- 2 -
META AND WHATSAPP'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
CASE NO. 22-CV-05622-CRJ

4163-4911-8270

after that, Facebook disconnected [her] account." *Id.* at 2. Confoundingly, Plaintiff also claims that she has had a different account for "over a decade," that Facebook has refused to "delete." *Id.* Using her active Facebook account, Plaintiff purportedly posted regarding "advertising the private RV Park rental space," but Meta then locked her out of her account. *Id.* Plaintiff asserts that Meta's "nefarious" activity—*i.e.*, purportedly suspending her Facebook account—is "akin to when the tech companies kept taking down Trump's posts and shutting down Trump's accounts." *Id.* at 1.

Plaintiff's FAC then devolves into a global tale of "crazy" events that began to occur after she was removed from Facebook.[2] Plaintiff contends that various individuals throughout the country seem "quite knowledgeable about [her] Facebook activities." *Id.* Plaintiff's purported bases for this assumption are alleged instances where it "seemed" like individuals in a wide array of states knew about her Facebook content—for example, Plaintiff claims that on one occasion, she "met a guy who seemed quite knowledgeable about [her] Facebook activities," who seemed "annoyed about certain things [Plaintiff had] said about Black people." *Id.*

Additionally, Plaintiff claims that WhatsApp used her phone's microphone to listen to her conversations, "for nefarious purposes, as it wanted to know where I was in order to have people carry hate acts on me, as well as to be conversant of any business plans I have, so WhatsApp and the other hategroup members can ruin those plans." *Id.* It is entirely unclear from the FAC what "hate acts" have been perpetuated on Plaintiff, and what specific "business plans" those "hategroups" and WhatsApp have ruined. *Id.*

Plaintiff claims that "all the defendants engaged in the tort of General Negligence," by purportedly "spreading hate to induce others to maltreat" Plaintiff. *Id.* Accordingly, Plaintiff will "never be able to generate income through any business," and thus seeks $99,223 in damages.

---

[2] Most of Plaintiff's allegations pertain specifically to Google, and do not involve Meta Defendants. For example, Plaintiff alleges that while she was in Paraguay, she was locked out of her Samsung phone while trying to take a picture of a man that the purported "hategroup" used to spy on her. *Id.* at 3. Because these allegations do not pertain to Meta Defendants, Meta Defendants do not summarize them here.

- 3 -
META AND WHATSAPP'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
CASE NO. 22-CV-05622-CRJ

4163-4911-8270

On September 29, 2022, Defendant Société Air France (named Air France-KLM Group in the Complaint) removed the action to this Court and served defendants by mail. ECF No. 1.[3]

## III. LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Dismissal is appropriate "where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). In conducting a Rule 12(b)(6) analysis, the court may consider the complaint, material relied upon in the complaint, and material subject to judicial notice. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001). The court must accept "well-pleaded factual allegations" as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Iqbal,* 556 U.S. at 664, 678.

## IV. ARGUMENT

### A. Plaintiff Has Not Stated *Any* Claim.

The FAC wholly fails to state a claim against Meta Defendants. Crucially, none of Plaintiff's allegations can *plausibly* give rise to a claim for negligence (or any other claim for that matter) against Meta Defendants. Even assuming the truth of Plaintiff's conjecture—that the co-defendants engaged in a conspiracy to ruin her business ventures with an unidentified hate group—Plaintiff has wholly failed to connect any of these purported "facts" to an actual, actionable cause of action. Vague, rambling, "conclusory, incomprehensible pleadings" like the FAC warrant dismissal. *Smith v. Gomez*, 988 F.2d 121, *1-2 (9th Cir 1993) (noting that plaintiff was provided with three opportunities to amend for plaintiff's vague and incomprehensible complaint); *Thomas v. California Department of Corrections and Rehabilitatio*n, Case No.: 3:22-cv-00979, 2022 WL 3348409 *3 (S.D. Cal.); *Cafasso, United States ex rel. v. Gen. Dynamics C4 Sys., Inc*., 637 F.3d 1047, 1059 (9th Cir. 2011) (collecting cases dismissing complaints where

---

[3] On October 19, 2022, the Court granted Meta Defendants' Motion to Extend Time to Respond to the Complaint, setting Meta Defendants' deadline to October 31, 2022.

- 4 -

META AND WHATSAPP'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
CASE NO. 22-CV-05622-CRJ

4163-4911-8270

pleadings were "verbose," "confusing," "distracting, ambiguous, and unintelligible," "highly repetitious," and comprised of "incomprehensible rambling"). At bottom, the FAC fails to identify *any* of the details necessary to place Meta Defendants on notice of any purported wrongdoing. The FAC must be dismissed with prejudice.

### B. The Complaint Fails to State a Claim for Negligence.

To the extent Plaintiff is attempting to pursue a claim for negligence, her FAC fails to allege *a single requisite element* of negligence, nor does she allege any facts establishing negligence. To plead a cause action for negligence, a Plaintiff must allege: (1) the defendant had a duty, or an obligation to conform to a certain standard of conduct for the protection of others against unreasonable risks; (2) the defendant breached that duty; (3) that breach proximately caused the plaintiff's injuries; and (4) actual loss (damages). *McGarry v. Sax*, 158 Cal. App. 4th 983, 994 (2008). Plaintiff does not plead any of these elements.

#### 1. Plaintiff fails to allege that Meta Defendants owed her any duty.

Plaintiff fails to allege that Meta Defendants owed her any duty whatsoever, much less facts that would establish the existence of such a duty. *See, e.g.*, *Young v. Facebook, Inc.*, 790 F. Supp. 2d 1110, 1119 (N.D. Cal. 2011) (dismissing negligence claim where Plaintiff did not identify any contractual or other basis that Facebook owed her any duty involving deletion of her account); *King v. Facebook, Inc.*, 572 F. Supp. 3d 776, 786 (N.D. Cal. 2021) (dismissing negligence claim where Plaintiffs did not point to a "duty "imposed by law," a duty "assumed by [Facebook]" (i.e., "in which the emotional condition of the plaintiff[s] is an object"), or a duty existing "by virtue of a special relationship."). This alone dooms Plaintiff's negligence claim.

Nor could she allege any duty here. Being generous to Plaintiff's threadbare allegations, to the extent Plaintiff somehow claims that she suffered emotional distress damages because of Meta Defendants' negligent conduct (*see* FAC, Civil Case Cover Sheet), under California law, there is no duty to avoid negligently causing emotional distress to another. *Potter v. Firestone Tire & Rubber Co.*, 6 Cal. 4th 965, 985 (1993) ("[U]nless the defendant has assumed a duty to

- 5 -
META AND WHATSAPP'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
CASE NO. 22-CV-05622-CRJ

4163-4911-8270

plaintiff in which the emotional condition of the plaintiff is an object, recovery is available only if the emotional distress arises out of the defendant's breach of some other legal duty and the emotional distress is proximately caused by that breach of duty."). Here, Plaintiff has not alleged that Meta Defendants owed her any duty, much less one relating to her emotional condition.

Moreover, if the FAC's theory is *somehow* that a duty to Plaintiff arises out of Facebook or WhatsApp's Terms of Service (Plaintiff does not reference any terms of service in her FAC), courts have repeatedly rejected that theory because a contractual duty cannot on its own serve as the basis for a tort claim. *See Erlich v. Menezes*, 21 Cal. 4th 543, 551 (1999) (holding "conduct amounting to a breach of contract becomes tortious only when it also violates a duty independent of the contract arising from principles of tort law"); *see, e.g.*, *Caraccioli v. Facebook, Inc.*, 167 F. Supp. 3d 1056 (N.D. Cal. 2016), *aff'd*, 700 F. App'x 588 (9th Cir. 2017) (holding that plaintiff could not base claims for negligence on Meta's Terms of Service).

### 2. Plaintiff fails to allege cognizable damages in negligence.

Plaintiff has also failed to allege cognizable damages in negligence. Plaintiff does not claim to have suffered physical or property damage. Indeed, Plaintiff's purported damages are purely economic, including "wage loss" and "future business income loss." FAC, Civil Case Cover Sheet. These damages are barred by the economic loss rule because "there is no recovery in tort for negligently inflicted 'purely economic losses,' meaning financial harm unaccompanied by physical or property damage." *Sheen v. Wells Fargo Bank, N.A.*, 12 Cal. 5th 905, 922 (2022) (finding economic loss rule barred plaintiff's claim for negligence). Moreover, to the extent Plaintiff is seeking these damages for her "emotional distress," (*see* FAC, Civil Case Cover Sheet), in California, emotional distress damages typically are not allowed where there is no actual physical impact or injury. *Butler-Rupp v. Lourdeaux*, 134 Cal. App. 4th 1220, 1229 (2005). As noted, Plaintiff does not plead any physical injury. The specialized class of cases where emotional distress damages may be allowed include, for example, "where a defendant mishandled the cremated remains of a plaintiff's brother, a doctor negligently advised a plaintiff's

- 6 -
META AND WHATSAPP'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
CASE NO. 22-CV-05622-CRJ

4163-4911-8270

wife that she suffered from syphilis, where the defendant owed the plaintiff fiduciary or quasi-fiduciary duties, and where a plaintiff witnessed injury to a close relative." *Kasramehr v. Wells Fargo Bank N.A.*, No. CV 11–0551 GAF (OPx), 2011 WL 12473383, at *10 (C.D. Cal. May 18, 2011); *see e.g.*, *Maynard v. United Servs. Auto. Assoc. Fed. Savings Bank*, 2022 WL 1283153, at *1 (N.D. Cal. Feb. 11, 2022) (finding plaintiff could not plead emotional distress damages to support negligence claim where he did not plead an "unusually extreme or outrageous circumstance"). Plaintiff has not alleged anything of the sort.

Accordingly, Plaintiff's purported negligence claim—the only named cause of action in her FAC—must be dismissed with prejudice. As such, Plaintiff's entire FAC must be dismissed with prejudice.

### C. Section 230 of the Communications Decency Act Independently Bars Liability.

Even if Plaintiff had pled any facts to assert a claim against Meta Defendants—which she has not—Plaintiff's claim still fails for the independent reason that it is barred as a matter of law under Section 230(c)(1) of the Communications Decency Act, 47 U.S.C. § 230 et seq. Section 230 "establish[es] broad federal immunity to any cause of action that would make service providers liable for information originating with a third-party user of the service." *Perfect 10, Inc. v. CCBill LLC*, 481 F.3d 751, 767 (9th Cir. 2007) (internal quotations and citations omitted), opinion amended and superseded on denial of reh'g, 488 F.3d 1102 (9th Cir. 2007). Crucially, Section 230 bars claims based on a service provider's decisions about "reviewing, editing, and deciding whether to publish or to withdraw from publication third-party content"—the exact facts Plaintiff alleges here. *Barnes v. Yahoo!, Inc.*, 570 F.3d 1096, 1099 (9th Cir. 2009) (holding Section 230 immunized any "activity that can be boiled down to deciding whether to exclude material that third parties seek to post online"); *see e.g. King v. Facebook, Inc.,* No. 19-CV-1987, 2019 WL 4221768, at *3–4 (N.D. Cal. Sept. 5, 2019) (holding that Section 230 protected websites "regardless of their moderation process").

- 7 -
META AND WHATSAPP'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
CASE NO. 22-CV-05622-CRJ

4163-4911-8270

Under Section 230(c)(1), a claim should be dismissed if (1) the defendant is a "provider . . . of an interactive computer service[;]" (2) the allegedly offending content was "provided by another information content provider[;]" and (3) the plaintiff's claim treats the defendant as the "publisher or speaker" of that content.  47 U.S.C. § 230(c)(1); *Sikhs for Justice, Inc. v. Facebook, Inc.*, 144 F. Supp. 3d 1088, 1093 (N.D. Cal. 2015), *aff'd,* 697 Fed. Appx. 526 (9th Cir. 2017).

Here, Plaintiff's claims are predicated on allegations that Meta Defendants improperly disabled Plaintiff's Facebook account when Plaintiff attempted to rent her private RV park rental space.  FAC at 2.  These claims are clearly barred by Section 230.

### 1. Meta is an interactive computer service provider.

Section 230 defines an interactive computer service provider as "any information service, system, or access software provider that provides or enables computer access by multiple users to a computer server."  47 U.S.C. § 230(f)(2).  Courts have uniformly held that Meta meets Section 230's "interactive computer service provider" definition.  *See e.g., Sikhs for Justice, Inc.*, 697 Fed. Appx. 526 ("it is undisputed that Facebook is an interactive computer service provider"); *Caraccioli*, 700 Fed. Appx. at 590 (affirming dismissal of claims based on Section 230 and finding that Facebook is an interactive computer service provider); *Fed. Agency of News LLC v. Facebook, Inc.*, 432 F. Supp. 3d 1107, 1117 (N.D. Cal. 2020) ("Facebook is unquestionably an interactive computer service, as the Court previously held"); *Calise v. Meta Platforms, Inc.*, 2022 WL 1240860, at *2 (N.D. Cal. April 27, 2022) (same); *Ebeid v. Facebook, Inc.*, No. 18-CV-07030, 2019 WL 2059662, at *3 (N.D. Cal. May 9, 2019) (same).

### 2. The content at issue was provided by another information content provider.

The information for which Plaintiff seeks to hold Meta Defendants liable must come from an "information content provider" that is not Meta.  47 U.S.C. § 230(c)(1).  This inquiry is simple if, as here, the "complaint admits that [the plaintiff] is the source of the information that Meta removed" while "nowhere alleg[ing] that Facebook provided, created, or developed any portion"

of the advertising content. *Fed. Agency of News LLC*, 395 F. Supp. 3d at 1305–06 (holding that the allegation that plaintiff "operate[s] a Facebook page through which [plaintiff] has published its posts" was an "admi[ssion] that [it] is the source of the information that Facebook removed"). There are no allegations that Meta Defendants provided or contributed to any of the content; rather, the content purportedly at issue was provided by Plaintiff herself. FAC at 2. Accordingly, Section 230(c)(1)'s second requirement is met. *See, e.g., Ebeid,* 2019 WL 2059662, at *7 ("Plaintiff argues that the information at issue was not provided by another information content provider because plaintiff himself—not some other third-party—provided the information. That argument has been repeatedly rejected.").

### 3. Each of Plaintiff's claims seeks to treat Meta as a "publisher" or "speaker" of the third-party content.

Under Section 230, a plaintiff's claim treats a defendant as a "publisher" when it seeks to hold a service provider liable for its purported exercise of "editorial functions"—such as whether to "publish, withdraw, postpone, or alter content created by third parties." *Barnes*, 570 F.3d at 1102. What matters here is not the "name of the cause of action," but "whether the duty that the plaintiff alleges the defendant violated derives from the defendant's status or conduct as a 'publisher or speaker.' If it does, Section 230(c)(1) precludes liability." *Cross v. Facebook, Inc.*, 14 Cal. App. 5th 190, 206 (2017) (dismissing breach of contract and negligent misrepresentation claims under Section 230); *Caraccioli*, 700 F. App'x 588 (affirming dismissal of breach of contract and negligence claims under Section 230); *Sikhs for Justice, Inc.*, 144 F. Supp. 3d at 1093(dismissing discrimination claims under Section 230); *Igbonwa v. Facebook, Inc.*, 2018 WL 4907632 at *7 (N.D. Cal. Oct. 9, 2018) (dismissing defamation and negligence claims under Section 230); *A.B. v. Facebook, Inc.*, 2021 WL 2791618 at *3 (C.D. Cal. June 1, 2021) (dismissing NIED claim under Section 230).

Here, Plaintiff's purported negligence claim stems from Meta Defendants' alleged decision to suspend or deactivate Plaintiff's Facebook account, and this is "precisely the kind of

- 9 -

META AND WHATSAPP'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
CASE NO. 22-CV-05622-CRJ

4163-4911-8270

1  activity for which Section 230 was meant to provide immunity." *Fair Hous. Council of San*
2  *Fernando Valley v. Roommates.com, LLC*, 521 F.3d 1157, 1170 (9th Cir. 2008). Plaintiff's
3  purported claim seeks to hold Meta Defendants liable for allegedly "disconnect[ing]" her from
4  Facebook on multiple occasions when she attempted to post information about her "rental space."
5  Compl. at 2. But numerous California and federal courts have dismissed similar claims when
6  they have been premised on a defendant's decision whether or not remove users and content from
7  its website. *See, e.g.*, *Sikhs for Justice, Inc. v. Facebook, Inc.*, 144 F. Supp. 3d 1088, 1093 (N.D.
8  Cal. 2015), *aff'd*, 697 Fed. Appx. 526 (9th Cir. 2017) (dismissing discrimination claims under
9  Section 230 based on Facebook's decision to remove plaintiff from Facebook in India); *Calise*,
10 2022 WL 1240860, at *4 (dismissing breach of contract claim for failure to remove content); *Fed.*
11 *Agency of News LLC*, 432 F. Supp. 3d at 1119 (holding that Section 230 barred claims where they
12 were based on "Facebook's decision not to publish [Plaintiffs'] content" by terminating plaintiffs'
13 accounts); *Zimmerman v. Facebook, Inc.*, 2020 WL 58778363 (N.D. Cal. Oct. 2, 2020)
14 (dismissing claims relating to defendants' decision to block access to plaintiff's profile under
15 Section 230); *Ebeid*, 2019 WL 2059662, at *3 (dismissing claims related to Facebook's decision
16 to remove plaintiff's Facebook posts); *see also Murphy v. Twitter, Inc.*, 60 Cal. App. 5th 12
17 (2021) (dismissing fraud and contract claims under Section 230 based on removal of content from
18 Twitter). Because Plaintiff's purported claims attempt to treat Meta Defendants as the publisher
19 or speaker of the content at issue, Section 230(c)(1)'s final requirement is met.

### D. Plaintiff Should Not Be Granted Leave To Amend

Plaintiff should not be given the opportunity to replead her claim. Although leave to amend may be granted if amendments could potentially cure the FAC failings, "where the nature of the plaintiff's claim is clear, and under substantive law no liability exists, a court should deny leave to amend because no amendment could change the result." *Save Lafayette Trees v. E. Bay Reg'l Park Dist.*, 66 Cal. App. 5th 21, 52 (2021). Leave to amend is thus inappropriate if "the pleading could not possibly be cured by the allegations of other facts." *Lopez v. Smith*, 203 F.3d

- 10 -

META AND WHATSAPP'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT
CASE NO. 22-CV-05622-CRJ

4163-4911-8270

1122, 1127 (9th Cir. 2000) (*en banc*).  Here, leave to amend would be inappropriate for two reasons.

*First*, as established above (*see* Section IV.A-B, *supra*), Plaintiff's claim suffers fatal deficiencies that she cannot overcome with further amendments.  None of Plaintiff's disjointed allegations against any of the defendants, spanning multiple years and countries, come close to stating a claim for negligence.

*Second*, Plaintiff's claims will be barred by Section 230(c)(1) no matter what additional facts she pleads (*see* Section IV.C, *supra*)— which is why courts generally deny leave to amend when "there is CDA immunity."  *King*, 2021 WL 5279823, at *13 (dismissing claims barred by Section 230 with prejudice because "it would be futile for [Plaintiff] to try to amend the claim[s]"); *Murphy*, 60 Cal. App. 5th at 35 (trial court properly sustained demurrer without leave to amend because claims were barred under Section 230); *Brittain v. Twitter, Inc.*, 2019 WL 2423375, at *4 (N.D. Cal. June 10, 2019) (dismissing claims barred by Section 230 with prejudice "[b]ecause plaintiff cannot cure this defect").

## V.  CONCLUSION

For the foregoing reasons, Meta Defendants respectfully request this court grant its Motion and dismiss the FAC with prejudice.

Dated: October 31, 2022

JACOB M. HEATH
Orrick, Herrington & Sutcliffe LLP


By:  */s/ Jacob M. Heath*
JACOB M. HEATH
Attorney for Defendant
Meta Platforms, Inc. and WhatsApp LLC

- 11 -

META AND WHATSAPP'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
CASE NO. 22-CV-05622-CRJ

4163-4911-8270

## PROOF OF SERVICE BY E-MAIL

I am employed in the County of San Mateo, State of California. I am over the age of 18 years old and not a party to this action. My business address is Orrick, Herrington & Sutcliffe LLP, 1000 Marsh Road, Menlo Park, California 94025. On October 31, 2022, I served the following document(s) entitled:

1. **DEFENDANTS META PLATFORMS, INC. AND WHATSAPP LLC'S NOTICE OF MOTION AND MOTION TO DISMISS THE FIRST AMENDED COMPLAINT FILED BY PLAINTIFF DIAMOND GOOD**

on all interested parties to this action in the manner described as follows:

☒ **(VIA EMAIL)** On October 31, 2022, via electronic mail in Adobe PDF format the document(s) listed above to the electronic address(es) set forth below.

☐ **(VIA U.S. MAIL)** On October 31, 2022, by placing a true copy of the document(s) listed above in an envelope, with postage thereon fully prepaid, addressed as set forth below and then sealing the envelope and depositing it in the U.S. mail at Menlo Park, California.

Diamond Good
fb.general.email@proton.me
Plaintiff Pro Per

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct.

Executed on October 31, 2022, at Fremont, California.

*/s/ Sema Virrueta*
Sema Virrueta

- 1 -

PROOF OF SERVICE
CASE NO. 22-CV-05622-CRJ

4163-4911-8270