UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIAMOND GOOD,<br><br>           Plaintiff,<br><br>     v.<br><br>GOOGLE LLC, et al.,<br><br>           Defendants. | Case No. 22-cv-05622-JSC<br><br>**ORDER TO SOCIETE AIR FRANCE TO SHOW CAUSE RE: MOTION TO REMAND**<br><br>Re: Dkt. No. 25 |

Diamond Good ("Plaintiff") brought this lawsuit against Google LLC, Meta Platforms, Inc., Airbnb, Inc, WhatsApp LLC, Hipcamp, Inc., and Air France-KLM Group in Santa Clara County Superior Court. (Dkt. No. 1-1.)[1] After Plaintiff filed the first amended complaint ("FAC") in state court, Societe Air France—a subsidiary of the Air France-KLM Group—appeared and removed this matter to federal Court pursuant to 28 U.S.C. §§ 1441 and 1446.[2] Plaintiff moves to remand. (Dkt. No. 25.) Societe Air France is ordered to show cause as to how it can properly remove this matter under 28 U.S.C. § 1441(a) where Societe Air France is not a named defendant in the FAC and, in fact, moved to dismiss on grounds that this Court lacks personal jurisdiction over the Air France-KLM Group. (Dkt. No. 37 at 12.)

## BACKGROUND

**I.     Complaint Allegations**

Plaintiff's FAC is difficult to follow. According to Plaintiff, the "problem started when a former client Christina Glaser Hall tried to get a refund by making false claims." (Dkt. No. 1-1 at 5.) Plaintiff refused to provide a refund and declined to offer further services to Hall. (*Id.*) Hall

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

[2] Societe Air France appeared in this matter, indicated it was "incorrectly named as Air France-KLM Group," and filed a notice that Societe Air France is a subsidiary of the Air France – KLM Group." (Dkt. No. 2.)

then contacted various individuals and companies to create a united effort to "ruin [Plaintiff] financially, socially, and in other ways." (*Id.*) Subsequently, various individuals have explained to Plaintiff how this "hate group" "ruins" people who fail to conform. (*Id.*) The FAC then details allegations related to various members of the hate group.

### A.  WhatsApp and Meta

Plaintiff used Meta's Facebook platform to advertise land she rented to RV owners. (*Id.*) Facebook users were interested in these advertisements because the land—which is in Arizona—had warm weather. (*Id.* at 5–6.) While communicating with potential customers via Facebook, Facebook deactivated Plaintiff's account. (*Id.* at 6.) Plaintiff used an older account instead. (*Id.*) But as soon as Plaintiff used that account to post pictures of the Arizona rental space, Facebook deactivated the second account. (*Id.*)

Plaintiff then details conversations with various individuals related to Facebook and WhatsApp. For example, a man in Phoenix who knew about her Facebook activities and another man—in Miami—objected to "certain things" Plaintiff "said about Black people." (*Id.*) Another man in Phoenix mentioned a WhatsApp chatgroup related to a Haitian individual also in that chatgroup. And a third man in Florida gave Plaintiff a ride, told Plaintiff an anonymous "they" were mad, referenced statements Plaintiff made in private, and discussed Facebook and WhatsApp posts Plaintiff made about Donald Trump. (*Id.*)

Based on these events, Plaintiff alleges that WhatsApp utilized Plaintiff's phone's microphone, listened to the conversations made inside Plaintiff's apartment, and read Plaintiff's correspondence. (*Id.*) WhatsApp did so—along with Google and the rest of the hate group—to modify what Plaintiff said in private, share those statements publicly, and have others carry out hate acts against Plaintiff. (*Id.*)

### B.  Hipcamp and Airbnb

According to Plaintiff, Hipcamp and Airbnb "were used to sabotage" Plaintiff's business plans because these vendors set up Plaintiff's account to "prevent potential clients from easily having access" to listings. (*Id.* at 7.) Budget conscious customers were interested in Plaintiff's listings because Plaintiff offered cheaper "no hookup" spaces for RVs in a location with good

2

weather and access to a "sunny small town" in Arizona. (*Id.* at 7–8.) However, Hipcamp and Airbnb allegedly suppressed Plaintiff's account and Plaintiff received only one booking for one day. (*Id.* at 8)

Plaintiff alleges that "the hategroup wanted to use the booking to induce [Plaintiff] to come online" so the hate group could track Plaintiff and carry out hate acts. (*Id.*) Plaintiff alleges that internal notes at Airbnb would show unequal treatment and that Plaintiff previously had good reviews as a host on Airbnb. (*Id.*) Plaintiff had no prior relationship with Hipcamp. (*Id.*)

### C. Google

The allegations against Google are the most voluminous and are difficult to parse. In short, Plaintiff bought land in Arizona and communicated with the land vendor via a Google Gmail account. (*Id.* at 8.) Many "members of the hategroup" emailed Plaintiff through the Gmail account offering services. (*Id.*) Plaintiff alleges Google took advantage of its access to Plaintiff's phone to listen to conversations and modify data without Plaintiff's knowledge. (*Id.*) For example, Google employees allegedly snoozed or deleted emails sent to Plaintiff. (*Id.* at 9.) Google and other group members then allegedly tracked Plaintiff and in Paraguay and Cape Verde. (*Id.*) Plaintiff aimed to open an Airbnb operation in Cape Verde with the help of an expat named "Angelo." (*Id.*) But Angelo failed to respond to Plaintiff's emails via Gmail. (*Id.*) Plaintiff alleges Google and other defendants turned Angelo against Plaintiff. (*Id.*)

### D. Air France-KLM Group

The Air France-KLM Group's role was "to keep [Plaintiff] in Nigeria where [Plaintiff] was in danger." (*Id.* at 7.) While in Nigeria, there were "several attempts to run [Plaintiff] over." (*Id.*) When Plaintiff attempted to leave Nigeria, Plaintiff's flight was cancelled. (*Id.*) Customer service did not help Plaintiff. (*Id.*) Plaintiff booked another flight ticket and the Air France-KLM Group refused to refund the difference in airfare. (*Id.*) The Air France-KLM Group aimed "to keep [Plaintiff] in Nigeria so [Plaintiff] would be hurt" and "to help ruing [Plaintiff] even more financially by forcing [Plaintiff] to pay higher new flight ticket cost to leave Nigeria." (*Id.*)

\* \* \*

Based on these allegations, Plaintiff brings a claim of "General Negligence" against all

1  Defendants. (*Id.* at 3.) Plaintiff claims to have suffered "rental income loss, potential career and
2  thus wage loss, defamation of character, future business income loss." (*Id.*) Plaintiff seeks
3  $99,223 as well as punitive damages for ruining Plaintiff's business plans and "their hate activities
4  that have lifetime consequences, and will forever impair [Plaintiff's] chances of successfully
5  running any kind of money making endeavor." (*Id.* at 13.) According to Plaintiff, "[a]ll the
6  defendants engaged in the tort of General Negligence when they allowed their employees to have
7  access to [Plaintiff's] data and company tools – that they were able to use in ruining [Plaintiff's]
8  business, and spreading hate to induce others to maltreat [Plaintiff] – without effective oversight to
9  ensure their staff do not use the data and tools at their disposal to hurt anyone." (*Id.*)

## II.     Procedural Background

Plaintiff filed the FAC in Santa Clara County Superior Court on September 28, 2022. (Dkt. No. 1-1.) Societe Air France, an Air France-KLM Group subsidiary, removed the matter to this Court a day later. (Dkt. No. 1.) The following motions are currently pending:

- Hipcamp's Motion to Compel Arbitration (Dkt. No. 13.)
- Google's Motion to Dismiss the FAC (Dkt. No. 18.)
- Plaintiff's Motion to Remand (Dkt. No. 25.)
- Air France's Motion to Dismiss (Dkt. No. 37.)
- Airbnb's Motion to Compel Arbitration (Dkt. No. 60.)
- Meta and WhatsApp's Motion to Dismiss (Dkt. No. 77.)
- Plaintiff's Motion to Compel Appearance of Air France-KLM group (Dkt. No. 79.)

Plaintiff has re-noticed the Motion to Remand (Dkt. No. 25) on multiple occasions, (Dkt. Nos. 51, 66, 89, 90). Plaintiff sought ex-parte hearings on that motion and moved to shorten time to hear the Motion to Remand. (Dkt. No. 52). The Court denied Plaintiff's request. (Dkt. No. 73.) Plaintiff filed a motion requesting interlocutory appeal of that order. (Dkt. No. 75.) Plaintiff also filed a 99-page letter addressed to this Court and to the Chief Judge of this district accusing the Court of colluding with Defendants to obstruct the remand. (Dkt. No. 84 at 19.)[3]

---

[3] Plaintiff also filed Motions to Vacate consent to a Magistrate Judge. (Dkt. Nos. 49, 50, 54.) Those motions are moot as Plaintiff's case is now under consideration by a District Judge.

**DISCUSSION**

**I.      Plaintiff's Motion to Remand**

"Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *see also* 28 U.S.C. § 1441(a). A defendant seeking removal to federal court "bears the burden of establishing that removal is proper," and the "removal statute is strictly construed against removal jurisdiction." *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992); *see also* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.")

**A.      28 U.S.C. § 1447(c)**

As an initial matter, the Court addresses Plaintiff's arguments regarding 28 U.S.C. § 1447(c). Societe Air France removed this matter on September 29, 2022. (Dkt. No. 1.) Plaintiff moved to remand on October 14, 2022. (Dkt. No. 25.) Plaintiff has since filed numerous additional motions and briefs in support of remand, arguing that 28 U.S.C. § 1447 requires this Court to rule on remand motions within 30 days of removal. (*See* Dkt. No. 55 at 9.) That is incorrect.

28 U.S.C. § 1447(c) states that a motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal. That statute does not create a 30-day deadline for this Court to issue a ruling. Rather, it governs when a party may make a motion to remand on grounds other than lack of subject matter jurisdiction. Indeed, this district's civil local rules expressly provide that a motion should be heard "not less than 35 days after filing of the motion." Civil L.R. 7-2(a).

Plaintiff is instructed not to file further briefing on the motion to remand absent leave from the Court.

**B.      Societe Air France's Notice of Removal**

Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district

1    courts of the United States have original jurisdiction, may be removed by the defendant or the
2    defendants, to the district court of the United States for the district and division embracing the
3    place where such action is pending." 28 U.S.C. § 1441(a).  As the removing party, Societe Air
4    France has the burden to justify removal. *Placer Dome, Inc.*, 582 F.3d at 1087.

5         Only a "defendant" can remove under 28 U.S.C. § 1441.  Plaintiff sued the Air France-
6    KLM Group, not Societe Air France.  (Dkt. No. 1-1 at 1.)  Plaintiff attempted service of process
7    on the Air France-KLM Group at 125 West 55th Street, Floor 2, Manhattan, NY 10019.  (Dkt. No.
8    1-2.)  That address is, in fact, the location of the Air France-KLM Group subsidiary, the airline
9    "Societe Air France."  (Dkt. Nos. 2 at 1; 37-2 at 4.)  Societe Air France appeared in this matter,
10   declared it had been "misnamed" as the "Air France-KLM Group," and removed the matter to this
11   Court based on the Montreal Convention—a treaty that governs international air travel.  (Dkt. No.
12   1.)  Societe Air France argues the Montreal Convention completely preempts Plaintiff's state law
13   tort claim based on Plaintiff's travel from Nigeria and creates federal question subject-matter
14   jurisdiction. *See also Convention for Int'l Carriage by Air*, S. Treaty Doc. No. 106-45 (May 28,
15   1999).  But Societe Air France then filed a motion to dismiss the claims against the Air France-
16   KLM Group for lack of personal jurisdiction over the Air France-KLM Group.  (Dkt. No. 37 at
17   12.)  In that motion Societe Air France states that Plaintiff "filed suit against Air France-KLM
18   Group."  (*Id.* at 9.)

19        Societe Air France is not a named defendant in the FAC.  (Dkt. No. 1-1.)  Air France-
20   KLM Group is named in the FAC and on the summons, (Dkt. Nos. 1-1 and 1-2), and Plaintiff
21   explicitly asserts the proper defendant is the Air France-KLM Group not the subsidiary Societe
22   Air France, (Dkt. No. 79 at 2).  Societe Air France gives no explanation as to how improper
23   service makes the improperly served party an "improperly named" defendant in the FAC.  Thus,
24   Societe Air France is ordered to show cause as to how it can properly remove this matter under 28
25   U.S.C. § 1441(a) where it is not a named defendant in the FAC and, in fact, it moves to dismiss on
26   grounds that this Court lacks personal jurisdiction over the Air France-KLM Group. (Dkt. No. 37
27   at 12.)
28   //

6

**CONCLUSION**

Societe Air France may submit a brief on or before **December 1, 2022** of no more than five pages showing cause as to how it can properly remove this matter under 28 U.S.C. § 1441(a).

**IT IS SO ORDERED.**

Dated: November 21, 2022

JACQUELINE SCOTT CORLEY
United States District Judge