1
2
3                    UNITED STATES DISTRICT COURT
4                   NORTHERN DISTRICT OF CALIFORNIA
5

6    DIAMOND GOOD,                        Case No.  22-cv-05622-JSC
7                    Plaintiff,
                                          **ORDER ON MOTION TO REMAND**
8         v.                              Re: Dkt. No. 25
9    GOOGLE LLC, et al.,
10                  Defendants.

11

12        Diamond Good ("Plaintiff") brought this lawsuit against Google LLC, Meta Platforms,

13   Inc., Airbnb, Inc, WhatsApp LLC, Hipcamp, Inc., and the "Air France-KLM Group" in Santa

14   Clara County Superior Court. (Dkt. No. 1-1.)[1]  After carefully considering the arguments and

15   briefing submitted, the Court concludes oral argument is unnecessary, Civ. L.R. 7-1(b),

16   and GRANTS Plaintiff's motion to remand.  (Dkt. No. 25.)  Societe Air France is not a defendant

17   in this matter and may not remove under 28 U.S.C. 1441(a).  Air France-KLM Group's request for

18   leave to amend Societe Air France's Notice of Removal is DENIED because Societe Air France

19   filed the notice of removal in the first instance.  (Dkt. No. 98.)  The matter is remanded to the

20   Santa Clara County Superior Court.   All other pending motions are terminated as moot.

21                              **BACKGROUND**

22        Plaintiff's first amended complaint ("FAC") concerned, in part, the cancellation of a flight

23   ticket from Nigeria to an unknown destination.  (*Id.* at 7.)  Plaintiff attempted service of process

24   on the Air France-KLM Group at 125 West 55th Street, Floor 2, Manhattan, NY 10019. (Dkt. No.

25   1-2.) That address is, in fact, the location Air France-KLM Group's subsidiary, the airline "Societe

26   Air France." (Dkt. Nos. 2 at 1; 37-2 at 4.)

27   ────────────────────
28   [1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the
     ECF-generated page numbers at the top of the documents

*United States District Court*
*Northern District of California*

United States District Court
Northern District of California

## I.      The Original Notice of Removal

Societe Air France appeared, removed the case to this Court, and indicated it had been "incorrectly named as Air France-KLM Group." (Dkt. No. 1.)  Societe Air France explained the Air France-KLM Group is a parent holding company, not an airline. (Dkt. No. 37-1 ¶ 14.)  As a subsidiary airline, Societe Air France removed this matter under a treaty governing international air carriage between member states (the "Montreal Convention"). (Dkt. No. 1); *see also Convention for Int'l Carriage by Air*, S. Treaty Doc. No. 106-45 (May 28, 1999).  Societe Air France then filed a motion to dismiss the claims *against the Air France-KLM Group*, based on personal jurisdiction arguments specific to the parent company Air France-KLM Group. (Dkt. No. 37 at 12.)  Societe Air France also later opposed Plaintiff's motion to "compel appearance of Air France-KLM Group," arguing on behalf of both Societe Air France and the Air France-KLM Group. (Dkt No. 93 at 2.)  Thus, Societe Air France's counsel seems to be litigating on behalf of both Societe Air France and Air France-KLM Group, despite claiming to represent only Societe Air France until recently. (*Compare* Dkt. No. 1 at 3 *with* Dkt. No. 98 at 12.)

"The text of 28 U.S.C. § 1441(a) authorizes only a 'defendant or the defendants' to remove an action to federal court."  *Sharma v. HSI Asset Loan Obligation Tr. 2007-1 by Deutsche Bank Nat'l Tr. Co.*, 23 F.4th 1167, 1169 (9th Cir. 2022).  Because the FAC repeatedly names the Air France-KLM Group as a defendant, the Court ordered Societe Air France to explain its authority to remove this matter as an "incorrectly named" defendant, while also filing motions with arguments relevant to the named defendant—the Air France-KLM Group.  (Dkt. No. 92.)

Societe Air France responded, arguing it can remove because Societe Air France was an intended, named defendant in the complaint. (Dkt. No. 96 at 4.) In the alternative, Societe Air France requested leave to amend the notice of removal.  (*Id.* at 6.)  Air France-KLM Group then filed a request for leave to amend Societe Air France's notice of removal.  (Dkt. No. 98.)

### DISCUSSION

"A defendant seeking removal has the burden to establish that removal is proper." *Canela v. Costco Wholesale Corp.*, 971 F.3d 845, 849 (9th Cir. 2020) (cleaned up). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v.*

*Miles*, 980 F.2d 564, 566 (9th Cir. 1992).  Here, there is substantial doubt as to a basis for federal jurisdiction.   Societe Air France is not a named defendant and cannot remove under 28 U.S.C. § 1441(a).  *Sharma*, 23 F.4th at 1171.  And, neither Air France-KLM Group nor Societe Air France may amend the notice of removal.  As a result, the Court GRANTS Plaintiff's motion for remand.

## I.     Societe Air France's Response to the Order to Show Cause

Societe Air France cannot remove this matter under 28 U.S.C. § 1441(a).  "The text of 28 U.S.C. § 1441(a) authorizes only a 'defendant or the defendants' to remove an action to federal court." *Sharma*, 23 F.4th at 1171.  Because the complaint names Air France-KLM Group as the actual defendant in this matter, Societe Air France cannot remove under 28 U.S.C. § 1441(a).

### A.     The *La Russo* Rule

To the extent Societe Air France attempts to remove as a misnamed "real party defendant in interest," that argument fails under 28 U.S.C. § 1441(a) and binding Ninth Circuit precedent. *Sharma*, 23 F.4th at 1171.  In its OSC response, Societe Air France points to the "*La Russo* rule." (Dkt. No. 96 at 2.)  The *La Russo* rule provides that an unnamed "real party defendant in interest" can remove a lawsuit to federal court when a plaintiff incorrectly or improperly names the wrong defendant in its pleadings.  *Sharma*, 23 F.4th at 1171 (quoting *La Russo v. St. George's University School of Medicine*, 747 F.3d 90, 96 (2d Cir. 2014)).  Under *La Russo*, the power to remove also comes with the responsibility to do so promptly. *La Russo*, 747 F.3d at 96 (holding the unnamed "real party defendant in interest" must remove no later than 30-days after the unnamed party has notice of the claims against it).  Societe Air France states that "[f]acing uncertain facts and law, Air France-KLM Group filed its Notice of Removal (Dkt. No. 1) and identified itself as an incorrectly named defendant.  This was done to avoid the [30-day deadline for removal] and to place Plaintiff on notice of her misnomer and its possible jurisdictional and statute of limitation implications."[2]  (Dkt. No. 96 at 3.)

---

[2] This representation misstates the factual record in this case. "Air France-KLM Group" *did not* "file[] its Notice of Removal and identif[y] itself as an incorrectly named defendant."  (Dkt. No. 96 at 3.)  *Societe Air France* appeared and did so.  (Dkt. No. 1.)  As Societe Air France has

United States District Court
Northern District of California

1    But the Ninth Circuit rejected the *La Russo* rule in *Sharma v. HSI Asset Loan Obligation*

2    *Tr. 2007-1 by Deutsche Bank National Trading Company*, 23 F.4th 1167, 1169 (9th Cir. 2022).[3]

3    Rather, the Ninth Circuit held: "Constrained by the text of § 1441(a), we decline to follow the

4    Second Circuit's *La Russo* rule, but instead hold that only the actual named 'defendant or the

5    defendants' may remove a case under that removal provision." *Sharma*, 23 F.4th at 1173.

6    According to *Sharma*:

> [T]he district court erred when it stated that "[e]ven when a party is
> not named in an action, such as when the party is mistakenly omitted
> from the initial complaint or a plaintiff names the wrong defendant,
> the intended defendant is allowed to remove to federal court."
> Because no actual defendant removed this case, the district court
> should have remanded it to state court.

10   *Id.* at 1171.  In other words, a misnamed defendant cannot remove under 28 U.S.C. § 1441(a).

11   Thus, to the extent Societe Air France relies on *La Russo* to justify removal as a misnamed party

12   that Plaintiff intended to sue, that argument fails under *Sharma*.

13       **B.**    **Societe Air France is not a named defendant.**

14   To avoid *Sharma*, Societe Air France now maintains the airline was named in the

15   complaint's allegations and thus can remove under 28 U.S.C. § 1441(a).  (Dkt. No. 96 at 4.)  It is

16   undisputed that Air France-KLM Group appears in the FAC's caption.  (Dkt. No. 1-1.)  But "[t]he

17   question of whether a defendant is properly in a case is not resolved by merely reading the caption

18   of a complaint.  Rather, a party may be properly in a case if the allegations in the body of the

19   complaint make it plain that the party is intended as a defendant."  *Rice v. Hamilton Air Force*

20   *Base Commissary*, 720 F.2d 1082, 1085 (9th Cir. 1983).  In *Rice*, the Court held that a defendant

21   who was unnamed in a case caption but named in the body of the complaint was a proper

22   "intended" defendant in the case.  *Id.*  There is some tension between this "intended defendant"

23   doctrine in *Rice*, *id.*, and the language regarding "actual defendant[s]" in *Sharma*, 23 F.4th at

24   1171.  A defendant could thread the needle between *Rice* and *Sharma*, if the defendant were

25   unnamed in the caption of the case, but plainly "named" in the body of the complaint—and thus,

27   explained during this litigation, the two entities are *not* one and the same.  (*See*, *e.g.*, Dkt. No. 2.)

28   [3] The Ninth Circuit decided *Sharma* on January 25, 2022, roughly nine months before Societe Air
France removed. (Dkt. No. 1.)

United States District Court
Northern District of California

able to remove under 28 U.S.C. § 1441(a).

But that is not what happened here.  Setting aside Societe Air France's numerous representations that it had been misnamed, (*see*, *e.g*, Dkt. Nos. 1, 2, 37, 93, 96), Air France-KLM Group *is* named in the caption and the "body of the complaint [does not] make it plain that [Societe Air France] is intended as a defendant," *Rice*, 720 F.2d at 1085.  First, unlike in *Rice*, the FAC and the summons named the "Air France-KLM Group" as a defendant, not Societe Air France. (Dkt. Nos. 1-1, 1-2.)  Second, the body of the complaint repeatedly states allegations against the "Air France-KLM Group."  For example, Plaintiff states "Air France-KLM Group's role was to keep me in Nigeria where I was in danger," "I asked Air France-KLM Group employees at the airport in Nigeria to reinstate my flight booking," "I called Air France-KLM Group," "I asked Air France-KLM airport staff again for help," "Air France-KLM Group informed me they will not refund the cost difference," "Air France-KLM sent me the message informing me…[,]" "Air France-KLM Group's job was to cancel my flight to keep me in Nigeria so I would be hurt[.]" (Dkt. No. 1-1 at 7.)  While on two occasions Plaintiff does begin allegations with just the name "Air France," (*id.*), the overall body of the allegations does not make it "plain" that Plaintiff named Societe Air France as a defendant rather than the Air France-KLM Group. *Rice*, 720 F.2d at 1085.  Thus, "[f]ederal jurisdiction must be rejected" because there is "doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566.

* * *

In sum, "[t]he text of 28 U.S.C. § 1441(a) authorizes only a 'defendant or the defendants' to remove an action to federal court." *Sharma*, 23 F.4th at 1171.  Societe Air France filed the notice of removal. (Dkt. No. 1).  But Societe Air France is not a named defendant here, Air France-KLM Group is.  (Dkt. No. 1-1.)  Thus, Societe Air France's removal fails.

## II.     Leave to Amend the Notice of Removal

In the alternative, Societe Air France and the Air France-KLM Group separately request leave to amend the notice of removal to state that Air France-KLM Group is now the removing party.  (Dkt. No. 96 at 6; Dkt No. 98.)  Air France-KLM Group removes based on the exact same Montreal Convention provisions Societe Air France utilized in the original notice of removal,

(Dkt. No. 1; Dkt. No. 98 at 6.)  Societe Air France and the Air France-KLM Group call this amended notice a "technical" correction to remedy the "misnomer" issue.  (Dkt. No. 98 at 2, 7.)

Neither Air France-KLM Group nor Societe Air France may amend the notice of removal here.  A defendant may amend its notice of removal to correct defective jurisdictional allegations—such as the failure to specify a party's citizenship—so long as the basis for removal (e.g., diversity jurisdiction) remains the same as in the original notice of removal.  *ARCO Env't Remediation, L.L.C. v. Dep't of Health & Env't Quality of Montana*, 213 F.3d 1108, 1117 (9th Cir. 2000); *see also* 28 U.S.C. § 1653.  But Air France-KLM Group cannot amend its notice of removal, because Air France-KLM Group did not file a notice of removal.  Societe Air France—a non-party—did so.  (Dkt. No. 1.)  Air France-KLM Group cites no authority allowing a defendant that did not initially remove a case—such as the Air France-KLM Group—to amend a notice of removal filed by a non-party—like Societe Air France. Such an amendment goes beyond the "form" or "jurisdictional allegations" in the notice of removal.  *Ireland v. Centralbanc Mortg. Corp.*, No. 5:12-CV-02991 EJD, 2012 WL 4181418, at *3 (N.D. Cal. Sept. 18, 2012) (allowing amendment where the removing defendants failed to include consent statement from a non-served defendant). Put differently, the failure here was Societe Air France's authority to invoke 28 U.S.C. § 1441(a), not the notice of removal's sufficiency under 28 U.S.C. § 1446.  As explained above, non-defendant Societe Air France had no authority to remove under 28 U.S.C. § 1441(a).  *Sharma*, 23 F.4th at 1171.  Thus, Air France-KLM Group and Societe Air France's requests to amend the original notice of removal are denied.

## CONCLUSION

Plaintiff's motion to remand is GRANTED. (Dkt. No. 25.)  The matter is remanded to the Santa Clara County Superior Court.   All other pending motions are terminated as moot.  This Order disposes of Docket Nos. 13, 18, 25, 33, 37, 49, 50, 52, 54, 60, 66, 75, 77, 79, 89, 90, 98.

**IT IS SO ORDERED.**

Dated: December 6, 2022

JACQUELINE SCOTT CORLEY
United States District Judge

United States District Court
Northern District of California